**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-09762-MEMF-AGR                                 Date: January 9, 2026

Title: *Said Mohammadi et al v. Esar Pina-Lopez Managas et al*

---

PRESENT: The Honorable MAAME EWUSI-MENSAH FRIMPONG, U.S. District Judge

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendant:

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING MOTION TO REMAND WITHOUT PREJUDICE [DKT. NO. 12]**

    Before the Court is Plaintiffs' Motion to Remand. Dkt. No. 12 ("Motion"). Defendant Hertz Corporation filed an opposition to the Motion for failure to comply with Local Rule 7-3. Dkt. No. 16. Plaintiffs contend that they satisfied the substantive and procedural requirements of Rule 7-3. *See* Dkt. No. 18 at 1-2.[1].

In part, Local Rule 7-3 requires that:

> counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. . . .

L.R. 7-3.

To ensure compliance, the rule includes a declaration requirement:

> [C]ounsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. Failure to include such a declaration may result in the motion being denied.

*Id.*

    Defendant Hertz contends that Plaintiffs' Motion "contains no declaration stating that any meet and confer conference took place. Indeed, no such conference occurred." Dkt. No. 16 at 2. Defendant also contends that Plaintiffs' emails cannot be construed as a meet and confer, because it was simply an "invitation to discuss 'the removal'," and even if it was a meet and confer, Plaintiffs did not assert their

---

[1] Plaintiffs' Reply to Defendants' two Oppositions was filed late as it was filed more than fourteen days after the filing of the initial Oppositions. *See* Civil Standing Order, VIII(B). However, the Court will consider the Reply, but Plaintiffs are admonished for filing a late Reply.

grounds for moving for this Motion. *Id.* at 3. Plaintiffs argue that they sent three email communications to Defendant between October 27 and November 3, 2025, to discuss removal, and their last email unambiguously stated their grounds for this Motion. *See* Dkt. No. 18 at 1; *see also* Traina Decl. ¶¶ 8-10, Dkt. No. 12-1; Exs. 3-5, Dkt. Nos. 12-4 to -6. And even if it was ambiguous, Defendant should have asked for clarification. *See* Dkt. No. 18 at 2.

Here, the Court finds that Plaintiffs did not comply with Local Rule 7-3. Plaintiffs' first email on October 27, 2025, did not mention Local Rule 7-3 or any grounds for their Motion to Remand. *See* Ex. 3, Dkt. No. 12-4. Plaintiffs' next email on October 29, 2025, only mentioned an intent "to meet and talk about [Defendants'] Removal of this action to the Federal Court." Ex. 4, Dkt. No. 12-4. And Plaintiffs' last email on November 3, 2025, stated:

> I wanted to let you know that I have reached out to you a couple of times regarding your motion to remove the case to the federal court. As you are aware, we believe that your clients possess the documents related to the initial rental of the vehicle that is the subject of the complaint. We have a good faith belief that that entity is based in California, which would and/or will make your removal motion moot. Please contact me so we can talk about your removal motion.

Ex. 5, Dkt. No. 12-6. Plaintiffs never expressly informed Defendant of their intent to file a Motion to Remand, or explain their factual or legal arguments supporting their potential motion. There was no discussion regarding the "substance of the contemplated motion and any potential resolution." L.R. 7-3.

Plaintiffs' email on November 3 regarding a "good faith belief" that would make Defendant's removal "moot" does not make clear that Plaintiffs would be moving for a motion to remand, and that this would be their ground for remand. And in Plaintiffs' Motion, Plaintiffs also argued that Defendant's Notice of Removal with insufficient to establish diversity jurisdiction, and the removal was procedurally defective under 28 U.S.C. Section 1446(b)(2)(A), but Plaintiffs did not explain these other grounds for their Motion in their email communications or in any subsequent meet and confer. *See* Motion at 2-3. Also, Plaintiffs' declaration did not set forth "the date(s) the conference took place and the position of each party with respect to each disputed issue." L.R. 7-3. Defendant did not have a duty to ask for clarification because Plaintiffs did not make clear that they were filing a motion to remand. Therefore, the Court hereby finds that the Plaintiffs failed to meet and confer as required by Local Rule 7-3 and the Court's Civil Standing Order prior to the filing of the Motion to Remand. *See* Civil Standing Order, § VIII(A).

Accordingly, Plaintiffs' Motion to Remand (Dkt. No. 12) is DENIED WITHOUT PREJUDICE. Should Plaintiffs wish to renew the Motion, Plaintiffs are ORDERED to meet and confer about the issues raised in the Motion in Remand in conformity with Local Rule 7-3 and the Civil Standing Order, which may be found at the Court's website, https://apps.cacd.uscourts.gov/Jps/honorable-maame-ewusi-mensah-frimpong.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Deputy Clerk | DBE |